96        APPELLATE COURTS OF ILLINOIS.

VOL. 98.] Delbridge v. Lake, Hyde Park & Chicago B. & L. Ass'n.

## John B. Delbridge v. Lake, Hyde Park & Chicago B. & L. Ass'n.

1. PRACTICE—*Proceedings on Reversed Cases.*—When a case is reversed by the Appellate Court and remanded for a new trial, it is the duty of the trial court on the second trial to obey the mandate of the appellate tribunal and a failure to do so will be cause for a second reversal.

2. BUILDING AND LOAN ASSOCIATIONS—*Duties of the Secretary—Sureties.*—Where the by-laws of a building and loan association require the secretary to turn over to the treasurer at the end of each month all moneys received by him during the month, he commits a breach of his duty when he fails to do so, and should at once be called upon to account, and in case he is not so called upon, the liability of his sureties will be limited to moneys received by him during the month.

3. EVIDENCE—*Books of the Secretary of a Building and Loan Association.*—The books kept by the secretary of a building and loan association in the regular course of his business as such, in connection with other evidence that he received moneys of the association which, under its by-laws, it was his duty to pay over to the proper officer when lawfully required to do so, are competent evidence as tending to show admissions by him that he received the several amounts belonging to the association as entered therein.

Debt, on an official bond. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed November 7, 1901.

ARTHUR B. WILSON and HORACE G. STONE, attorneys for appellant.

MASTERSON & HAFT, attorneys for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

This case is in this court on a second appeal from a judgment in favor of appellee and against appellant of $5,000 debt and $2,088.77 damages. The opinion on the first appeal, 82 Ill. App. 388, shows the pleadings, and the by-laws of the appellee association relating to the duties of its secretary and treasurer, offered in evidence, so far as pertinent here, to which we refer. The action was debt on

Delbridge v. Lake, Hyde Park & Chicago B. & L. Ass'n.

the bond of a former secretary of the association, W. F. McWhinney, who died August 22, 1894, against appellant, one of said secretary's sureties. The proof in this record tends to show there was in the hands of McWhinney moneys belonging to the association on June 1, 1894, amounting to $1,262.09, and that at the time of his death this amount had increased to $1,608.77, which, with interest, makes the damages included in the judgment here questioned.

On the former appeal the record showed that on March 1, 1894, McWhinney settled in full with the treasurer of the association, and at that date owed it nothing, and that after that date the treasurer never made any demand on the secretary for money, although it was his duty by the by-laws " to demand and receive from the secretary, at least once in each month, all moneys paid into the association." It was further shown that no demand was made on the secretary by the treasurer or any other officer of appellee in any of the months of March to August, both inclusive. We held that the secretary committed a breach of his duty when he first failed to turn over to the treasurer of the association moneys received by him during the month, and that the liability of the secretary's sureties did not extend beyond the end of the month when the first demand should have been made. That ruling controls this court, and should have been the guide of the trial court on the second hearing, though such seems not to have been the case.

When counsel for appellant sought to show what moneys were received by the secretary in March, 1894, and what was the shortage of the secretary to the association for that month, the evidence was objected to and the objection sustained. The ruling was directly contrary to the decision of this court and necessarily must work a reversal. Inasmuch as our former judgment is the law of this case, it was the duty of the trial court to follow it. It is true the treasurer did not testify on the second hearing, and there is no evidence that no demand was made on the secretary, as was shown by the former record. But this would not

98    APPELLATE COURTS OF ILLINOIS.

VOL. 98.] Delbridge v. Lake, Hyde Park & Chicago B. & L. Ass'n.

change the result, as it was incumbent on appellee, under its by-laws, to prove a demand on the secretary before he could be in default for failure to pay money received by him to the treasurer.

Even on appellee's theory of the case, the secretary was in default on June 1, 1894, for money received at some time prior thereto during his term. This being so, if we were right in our views expressed in the former appeal, appellant would not be liable for any subsequent defaults of the secretary, and therefore the judgment could in no event be for more than $1,262.09 and interest.

It is strenuously insisted that error was committed in allowing in evidence, over the objections of appellant, the books of account of the association, certain tickets made by the deceased secretary, Miss Alcott, his assistant, and one J. B. Alcott, and a quarterly report made by said secretary of date June, 1894.

The books were kept by McWhinney in the regular course of business, and in connection with other evidence that he received the money of the association, that under the by-laws it was his duty to " perform such other duties as are prescribed by the charter and by-laws, or that usually pertain to his office, or may be required by the board of directors or the association," and under the same by-law that it was " the duty of the treasurer to demand and receive from the secretary, at least once a month, all moneys paid into the association," we think they were competent as tending to show admissions by McWhinney that he received moneys of the association, the several amounts entered thereon. The same is true as to the tickets and the quarterly report made by himself. The tickets made by Miss Alcott and by J. B. Alcott were not, so far as shown by this record, admissible, but were proper to be used on a proper showing, to refresh Miss Alcott's recollection as to the different amounts which they purport to show were received by her and J. B. Alcott, and which she testified went into the hands of McWhinney. 3 Jones on Evid., Secs. 877, 878, 880, 883 and 884; 1 Greenleaf's Evid., Sec. 436–7; Huff v. Bennett, 6

N. Y. 337; Gard v. Foot, 56 Conn. 369–74; Flynn v. Gardner, 3 Ill. App. 254; Hayden v. Hoxie, 27 Ill. App. 537.

To allow a witness to use a writing to refresh his recollection, it is not necessary that it should have been made by himself, provided, after having inspected it, he can speak to the facts on his own recollection.

We have not referred in detail to each of the specific objections to these several items of evidence, but have considered them all, and are of opinion none of them are well taken, except as indicated. Objections are made to other items of evidence admitted by the court, all of which have been considered, and are, in our opinion, not tenable, except as to evidence of money claimed to have been received by McWhinney prior to the commencement of his term as secretary, and as to the practice of secretaries of other building associations with regard to receiving money. These last two items of evidence are, in our opinion, immaterial and should have been excluded.

The court refused to allow appellant to show what the treasurer testified on the first hearing as to matters material to be considered. We think the ruling was proper. No reason was shown why the treasurer himself was not called.

The court was requested to give, but refused, the following instructions:

" 3.    If the jury believe from the evidence that the plaintiff corporation had a treasurer whose duty it was to receive and disburse all the moneys of the said plaintiff, and that it was not the duty of said McWhinney, as secretary, to receive or disburse such money, then the jury are instructed to bring in a verdict for the defendants, even though said McWhinney did receive such money and failed to account for the same.

4.    The jury are instructed, as a matter of law, that it was the duty of the plaintiff to make a demand at the end of each month upon said McWhinney for all money and property received by him for the month ending on the day of said demand; and, if said plaintiff neglected to make such demand at the end of any one of said months, then any further liability of the bondsmen ceased and determined, and they were not liable for any further money or property received by said McWhinney."

We think the third instruction was properly refused, because not justified by the evidence. The evidence tends to show it was the duty of the secretary to receive the moneys of the association, and does not sustain the opposite hypothesis which is included in the instruction.

The fourth instruction was not proper, because it fails to refer the jury to the evidence as a basis for determining whether or not the plaintiff made demand upon McWhinney, and for that reason it was not error to refuse it.

For the errors in rulings on evidence, the judgment is reversed and the cause remanded.